UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

DANIEL MARCEL; DANIEL MARCEL, as Parent and
Legal Custodian of  SHANIYA HEAVEN MARCEL;
DANIEL MARCEL, as Parent and Legal Custodian of
DANIEL MARCEL, Jr.,  a/k/a DANIEL MARCEL;
DANIEL MARCEL,  as Parent and Legal Custodian of
RUTH ONALISHA-RODRIGUEZ MARCEL, a/k/a RUTH
MARCEL and BABY GIRL PULLIN,

                   Plaintiffs,

       - against -

THE UNITED STATES OF AMERICA; THE STATE OF
NEW YORK; ANDREW MARK CUOMO, Governor of the
State of New York, in his personal and official capacities;
FAMILY COURT OF THE STATE OF NEW YORK; HON.
JUDGE DANIEL TURBOW, in his personal and official
capacities; OFFICE OF CHILDREN AND FAMILY
SERVICES FOR THE STATE OF NEW YORK; GLADYS
CARRION, Commissioner of the Office of Children and
Family Services for the State of New York, in her personal
and official capacities; CITY OF NEW YORK; MICHAEL
BLOOMBERG, Mayor of the City of New York, in his
personal and official capacities; ADMINISTRATION FOR
CHILDREN'S  SERVICES FOR THE CITY OF NEW
YORK; JOHN B. MATTINGLY, Commissioner of
Administration for Children's Services for the City of New
York, in his personal and official capacities; VANETTA
WILLIAMS; ERICA BARBI; JAMIE ALBERT; NEW
YORK FOUNDLING HOSPITAL; WILLIAM
BACCAGLINI, also known as, BILL BACCAGLINI;
PATRICIA HARVEY; MARGARET BECKER; LIYAN
BAO; JODI KARSCH; ZENOLA POWELL, II;
MARANGELY ORIHUELA-JONES; JESSICA
ECHEANDIA; SHAKIA BROWN; ERWIN GODETTE, JR.;
NYIALAH HIKEEM; SPOHNGELLERT LEINE; CHRIST
RECTOR; MADELLE AMARO; MARGARITA ROLDAN;
MARY CORYS; JACLYN PIEPRA; CHERYL ASHBY;
JEREMIAH JAMES QUINLAN; JARED MARE
BERLINER; DELANO CONNOLLY; GILBERT TAYLOR;
and, JOHN AND/OR JANE DOE #1-90.,

                Defendants.

-------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

12-CV-4404 (RRM)(VVP)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Plaintiff, appearing *pro se*, filed the instant complaint pursuant to the Court's federal question jurisdiction raising claims under 2 U.S.C. §§ 1983, 1985, and 1986[1] and various state law claims.   He files this action against thirty-seven named defendants and ninety John Doe defendants, including the United States, the state, the city, the mayor, the state family court, a state family court judge, state and city children and family agencies, the New York Foundling Hospital, and employees thereof, s court-appointed guardians, social workers, a foster parent and attorneys.  He alleges statutory and constitutional claims arising out of a family court action involving neglect and termination proceedings and his children have been placed in foster care. Plaintiff seeks declaratory relief, dismissal of all claims against him and his children in state court, vacatur of state court findings of negligence or permanent neglect against him, damages and release of the children from defendants' custody and returned to his custody.

The Court grants plaintiff's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and directs plaintiff to submit an amended complaint within thirty (30) days of the date of this order that properly sets forth his claims.

## BACKGROUND

### A.  Statutory

In order to understand this case, some familiarity with the New York State statutory scheme for temporary and permanent removal of children from their parents or guardians (hereafter "parents") due to neglect or abuse is necessary.  *See generally Nicholson v. Scoppetta*, 344 F.3d 154, 158–61 (2d Cir. 2003) (providing in-depth background on the Family Court Act). New York's Family Court Act ("FCA") grants the State the power to monitor and protect

---

[1] To the extent plaintiff raises a claim under 28 U.S.C. § 2254, Complaint at ¶ 46, it is dismissed.  Plaintiff is not in custody pursuant to a state court conviction, nor are his children.

children, and in New York, this task is carried out by the Administration for Children's Services

("ACS"). *Id.* ACS not only investigates complaints, but can also initiate and prosecute child

protective proceedings against parents. *Id.*

When ACS determines that some protective action is necessary, the N.Y. Fam. Ct. Act

("FCA") provides a spectrum of three procedures for temporary removal, depending on the

urgency of the situation: removal without court order under § 1024, pre-petition temporary

removal order under § 1022, post-petition temporary removal order under § 1027 without

parental appearance at the hearing.

Permanent removal proceedings occur on a less expedited basis, and begin with the filing

of a petition of neglect or abuse by ACS against the parent. The next step is a "fact-finding"

hearing, which can involve parent, child, caseworker, and expert testimony, inter alia.

*Nicholson*, 344 F.3d at 160–61. If the Family Court finds abuse or neglect by a preponderance of

the evidence at the fact-finding hearing, a "dispositional hearing" is then held, at which the court

has "wide latitude" to devise various long-term foster-care arrangements or to order a permanent

termination of parental rights. *Id.*

**B. Factual**

The complaint, although one hundred and three pages long, is lean on facts. The crux of

plaintiff's complaint is that he feels disenfranchised by the state court proceedings which have

placed his children into foster care and may terminate his parental rights.

Plaintiff alleges that Shante Vanessa Pullin and he are the parents of Shaniya, Daniel Jr.

and Ruth Marcel ("the children"). Complaint at ¶ 58. The children are each subject to family

court neglect proceedings and were placed in foster care. Plaintiff alleges that this was done

without notice to him or his consent, and in contravention of his efforts to regain custody of his

3

children.  *See, e.g., id.* at ¶ 59, 101.  The children are also, apparently, the subject of permanent removal proceedings pursuant to Section 384-b of the Social Services Law of the State of New York.  *Id.* at ¶ 104.  The status of those proceedings is unclear from the complaint.

## STANDARD OF REVIEW

Under  28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).

Moreover, a plaintiff must establish that the court has subject matter jurisdiction over the action.  *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).  The subject matter jurisdiction of the federal courts is limited.  Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00, 28 U.S.C. § 1332.  If a federal court "determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514.

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not

be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted).

## DISCUSSION

### A.  Claims Brought by Marcel on Behalf of His Minor Children

Marcel is a non-attorney proceeding *pro se*, purporting to represent his minor children. Although federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. § 1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation and internal quotation marks omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Cheung v. Youth Orchestra Foundation of Buffalo,* 906 F.2d 59, 61 (2d Cir. 1990*)* (a layperson may not represent a minor child).  Thus, any claims as to Marcel's children are dismissed without prejudice.

### B.  Younger Abstention

Plaintiff seeks dismissal of all claims against him and his children in state court, vacatur of state court findings of negligence or permanent neglect against him, release of the children from defendants' custody and returned to his custody, damages and a declaration that the state and federal Adoption and Safe Families Act (ASFA) and the FCA are unconstitutional on their face and as applied.  Complaint at ¶ 103.  Except as to plaintiff's claim for damages discussed below, plaintiff's claims against the remaining defendants challenging family court proceedings are barred under the *Younger* abstention doctrine.  Under *Younger*, federal courts cannot intervene in ongoing state court proceedings except in the most extraordinary circumstances and

upon a clear showing of both great and immediate harm.  *Younger v. Harris*, 401 U.S. 37 (1971); *see Middlesex County Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  In the "interests of comity and federalism," the doctrine requires federal courts to abstain from jurisdiction "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests."  *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).  Therefore, a federal court should abstain from exercising jurisdiction when: (1) a state proceeding is pending; (2) an important state interest is implicated; and (3) the state proceeding affords the plaintiff an adequate opportunity for judicial review of his federal, constitutional claims.  *Gentner v. Shulman*, 55 F.3d 87, 88-90 (2d Cir. 1995).  Here, each of the three conditions is satisfied.  First, plaintiff is challenging the ongoing state proceeding.  Second, plaintiff's challenge to the constitutionality of abuse and neglect proceedings implicates important state interests.  Third, plaintiff has not alleged that state courts could not afford him the opportunity for judicial review of his constitutional challenges.  Furthermore, plaintiff's allegations fail to show either great or immediate harm.  *Younger*, 401 U.S. at 46-47.  Accordingly, this court must abstain from adjudicating plaintiff's claims challenging the ongoing state court proceedings.[2]

## C.  Federal Rule of Civil Procedure 8

As to plaintiff's 42 U.S.C. § 1983, 1985, and § 1986 claims seeking damages, the Court is unable to fulfill its obligation under 28 U.S.C. § 1915 (e)(2)(B) because the complaint fails to comply with the dictates of Federal Rule of Civil Procedure 8.  Plaintiff has employed the

---

[2] The Court notes that to the extent plaintiff is challenging any final decisions by the family court, the *Rooker-Feldman* doctrine precludes this court from exercising jurisdiction in this matter.  Under the *Rooker-Feldman* doctrine- *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), a United States District court has no authority to review final judgments of a state court in judicial proceedings, except for the constitutional challenges and reviews pursuant to an application for a writ of habeas corpus.  *See Phifer v. City of New York*, 289 F.3d 49, 57 (2d Cir. 2002) (plaintiff's claims attacking the family court's decision regarding custody, neglect, and visitation are barred by *Rooker-Feldman*).

"kitchen sink" type of complaint, listing dozens of defendants and myriad claims without connecting the claims to the defendants or connecting facts to his claims.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Plaintiff must provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Here, the complaint does not comply with Rule 8. However, plaintiff is afforded thirty days to file an amended complaint in which he complies with Federal Rule of Civil Procedure 8." *See Ashcroft v. Iqbal*, 55 U.S. at 678 (a claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged").

**CONCLUSION**

Accordingly, plaintiff's claims purportedly brought on behalf of his children are dismissed without prejudice.  To the extent plaintiff seeks declaratory and injunctive relief, the Court must abstain from adjudicating plaintiff's claims challenging the ongoing state court proceedings.  However, to the extent plaintiff seeks to allege a claim under 42 U.S.C. §§ 1983, 1985 and/or 1986 seeking damages, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days leave to file an amended complaint.  *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).  Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure.  The amended complaint must provide facts giving rise to his federal claims against each defendant he names in the amended complaint.

The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.  The amended complaint will completely replace the complaint.  No summons shall issue at this time and all further proceedings shall be stayed for 30 days.  If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint and judgment will enter.  If filed, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order to the plaintiff, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       September 12, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

9