UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DANIEL MARCEL; DANIEL MARCEL, as Parent and
Legal Custodian of SHANIYA HEAVEN MARCEL;
DANIEL MARCEL, as Parent and Legal Custodian of
DANIEL MARCEL, Jr., a/k/a DANIEL MARCEL;
DANIEL MARCEL, as Parent and Legal Custodian of
RUTH ONALISHA-RODRIGUEZ MARCEL, a/k/a RUTH
MARCEL and BABY GIRL PULLIN,

        Plaintiffs,

    - against -

THE UNITED STATES OF AMERICA; THE STATE OF
NEW YORK; ANDREW MARK CUOMO, Governor of the
State of New York, in his personal and official capacities;
FAMILY COURT OF THE STATE OF NEW YORK; HON.
JUDGE DANIEL TURBOW, in his personal and official
capacities; OFFICE OF CHILDREN AND FAMILY
SERVICES FOR THE STATE OF NEW YORK; GLADYS
CARRION, Commissioner of the Office of Children and
Family Services for the State of New York, in her personal
and official capacities; CITY OF NEW YORK; MICHAEL
BLOOMBERG, Mayor of the City of New York, in his
personal and official capacities; ADMINISTRATION FOR
CHILDREN'S SERVICES FOR THE CITY OF NEW
YORK; JOHN B. MATTINGLY, Commissioner of
Administration for Children's Services for the City of New
York, in his personal and official capacities; VANETTA
WILLIAMS; ERICA BARBI; JAMIE ALBERT; NEW
YORK FOUNDLING HOSPITAL; WILLIAM
BACCAGLINI, also known as, BILL BACCAGLINI;
PATRICIA HARVEY; MARGARET BECKER; LIYAN
BAO; JODI KARSCH; ZENOLA POWELL, II;
MARANGELY ORIHUELA-JONES; JESSICA
ECHEANDIA; SHAKIA BROWN; ERWIN GODETTE, JR.;
NYIALAH HIKEEM; SPOHNGELLERT LEINE; CHRIST
RECTOR; MADELLE AMARO; MARGARITA ROLDAN;
MARY CORYS; JACLYN PIEPRA; CHERYL ASHBY;
JEREMIAH JAMES QUINLAN; JARED MARE
BERLINER; DELANO CONNOLLY; GILBERT TAYLOR;
and, JOHN AND/OR JANE DOE #1-90.,

        Defendants.
----------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

12-CV-4404 (RRM)(VVP)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Plaintiff, appearing *pro se*, filed a complaint pursuant to the Court's federal question jurisdiction raising claims under 42 U.S.C. §§ 1983, 1985, and 1986 and various state law claims alleging various claims associated with the termination of his parental rights to his children in New York State court. By Order dated September 12, 2012, plaintiff's claims, purportedly brought on behalf of his children, were dismissed without prejudice and, to the extent plaintiff sought declaratory and injunctive relief, the Court abstained from adjudicating plaintiff's claims challenging the ongoing state court proceedings. However, to the extent plaintiff sought to allege claims under 42 U.S.C. §§ 1983, 1985 and/or 1986 seeking damages, the Court afforded plaintiff 30 days to file an amended complaint that complied with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff filed an amended complaint on October 19, 2012, which completely replaces the original complaint. For the reasons set forth below, the action is DISMISSED.

## BACKGROUND

As with his original complaint, the crux of plaintiff's amended complaint is that he feels disenfranchised by the state court proceedings which have placed his children into foster care and may terminate his parental rights. Plaintiff's children are the subject of permanent removal proceedings pursuant to Section 384-b of the Social Services Law of the State of New York. Amended Complaint (Doc. No. 5) at ¶ 54; 157. Plaintiff anticipates a decision on the permanent removal proceedings on November 9, 2012. *Id.*

## STANDARD OF REVEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

## DISCUSSION

### A. Rule 8

The amended complaint is eighty-nine pages long and is essentially a reiteration of the complaint. Despite the Court's direction to comply with Rule 8 of the Federal Rules of Civil Procedure to provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them and to "provide facts giving rise to his federal claims against each defendant he names in the amended complaint," the amended complaint, like the complaint, has a section listing facts and then a series of conclusions listing defendants or citing to case or statutory law. Plaintiff's only improvement over the complaint is providing a list of names of defendants with some of the allegations. *See*, *e.g.*, Amended Complaint (Doc. No. 5) at ¶ 121–123, 133–135. Plaintiff has again employed the "kitchen sink" type of complaint, listing dozens of defendants and myriad claims without connecting the claims to the defendants or connecting facts to his claims. On this ground alone, the action could be dismissed *sua sponte* since the amended complaint does not provide adequate notice of the claims against

3

each defendant. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as " 'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.' ") (*quoting Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *see Prezzi v. Schelter,* 469 F. 2d 691, 692 (2d Cir. 1972) (where original *pro se* complaint had been dismissed because it contained prolixity of unrelated and vituperative charges that defied comprehension and second complaint, though somewhat shorter than the first, was equally prolix and for the most part incomprehensible, the second complaint was properly dismissed for failure to state a claim on which relief may be granted).

### B. Plaintiff's Civil Rights Claims

Yet, since plaintiff raises civil rights claims and is proceeding *pro se*, the Court has exercised extraordinary caution in review of plaintiff's submissions in order to extract the basis for this action. *See Erickson v. Pardus*, 551 U.S. at 94; *Sealed Plaintiff*, 537 F.3d at 191–93. This is plaintiff's third action in this Court in which he raises his state court conviction and the custody of his children and seeks to have this Court intervene or oversee the happenings in state courts. *See Marcel v. Byrne*, 11-CV-4695 (RRM), *Marcel v. State of New* York, 12-CV-2384 (RRM). The Court takes judicial notice of the facts contained in his earlier actions in order to obtain a fuller picture of why plaintiff has returned to this Court for a third time, and to assess whether, giving plaintiff the liberal construction to which his *pro se* complaint is entitled, he has stated a claim under 42 U.S.C. § 1983, 1985, and § 1986 alleging the violation of a constitutional right.

In 2011, plaintiff filed a petition for a writ of habeas corpus in this Court seeking to challenge a 2003 state court conviction that was having an adverse effect on parental rights. The petition was denied because plaintiff was no longer in custody pursuant to that conviction and his Sexual Offender Registration Act designation did not render him "in custody" for the purposes of habeas relief. *Marcel v. Byrne*, 11-CV-4695, ECF, Entry #4 at p. 2. In 2003, plaintiff was convicted of Sexual Abuse in the First Degree in the Supreme Court of the State of New York, Kings County; the victim was Shante Vanessa Pullin, the mother of plaintiff's children and the respondent in the foster care and termination of parental rights proceeding at issue in this case. *Id.* ECF, Entry #1 at pp. 2, 7–9. In 2004, he was sentenced to one-year incarceration and was added to the New York's Sexual Offender Registry. *Id.* at 2, 69.

In his subsequent action, plaintiff sought to remove from the Family Court of the State of New York, Kings County, three petitions seeking relief pursuant to Section 384-b of the Social Services Law of the State of New York. In each petition, the New York Foundling Hospital petitioned for the parents' custody and guardianship of their minor child. In each petition, Shante Vanessa Pullin Marcel is identified as the mother of the child and plaintiff is identified as the father. *Marcel v. State of New* York, 12-CV-2384, ECF Entry #1, p. 7, 32, 43. Each petition also alleged that "[t]he Respondent father is a registered sex offender with the Designation of "Sexually Violent Offender" with the conviction of first degree sexual abuse." *Id.*, ECF Entry #1, p. 8, 34, 45. The petitions are dated October 31, 2007, February 7, 2011 and February 13, 2012. *Id.*, ECF Entry #1, p. 10, 36, 47.

In the instant action, plaintiff alleges that he is not a party to the termination of parental rights proceedings, that the state court will not allow him to get involved in the proceedings or

5

give him custody of his children, and that the state court determinations have been pending for six years. Construing the complaint liberally, plaintiff may seek to allege violations of Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983: (1) a procedural due process claim and (2) a substantive due process claim.

### 1. Procedural Due Process in the Child–Removal Context

"In reviewing procedural due process claims, courts must first determine whether a person has been deprived of a protected liberty interest. The court must then determine what, if any, constitutional process is due." *Hollenbeck v. Boivert*, 330 F. Supp. 2d 324, 332 (S.D.N.Y. 2004). "Choices about marriage, family life, and the upbringing of children are among associational rights [the Supreme] Court has long ranked as 'of basic importance in our society,'" and are protected by the Fourteenth Amendment against unwarranted intrusion by the government. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999) (*quoting M.L.B. v. S.L.J.*, 519 U.S. 102, 116 (1996)). Therefore, parents have a "constitutionally protected liberty interest in the care, custody, and management of their children." *Id.* Thus, " '[a]s a general rule . . . before parents may be deprived of the care, custody, or management of their children without their consent, due process—ordinarily a court proceeding resulting in an order permitting removal—must be accorded to them.' " *Nicholson v. Scoppetta*, 344 F.3d 154, 171 (2d Cir. 2003) (*quoting Tenenbaum*, 193 F.3d at 593); *see also Shapiro v. Kronfeld*, No. 00–CV–6286, 2004 WL 2698889, at *12 (S.D.N.Y. Nov. 24, 2004) (noting that "any interference with family integrity must be in accord with procedural and substantive due process guarantees").

New York's Family Court Act ("FCA") grants the State the power to monitor and protect children. *See generally Nicholson*, 344 F.3d at 158–61 (providing in-depth background on the

Family Court Act). Permanent removal proceedings begin with the filing of a petition of neglect or abuse by the Administration for Children Services ("ACS") against the parent. The next step is a "fact-finding" hearing, which can involve parent, child, caseworker, and expert testimony, *inter alia*. *Nicholson*, 344 F.3d at 160–61. If the Family Court finds abuse or neglect by a preponderance of the evidence at the fact-finding hearing, a "dispositional hearing" is then held, at which the court has "wide latitude" to devise various long-term foster-care arrangements or to order a permanent termination of parental rights. *Id.*

Plaintiff appears to allege in his amended complaint that his procedural due process rights were violated because he has not been named a party to the parental termination proceedings and his efforts to obtain custody of his children have been thwarted and denied. This allegation is belied by the removal petitions themselves which name plaintiff as the father of the children, and the amended complaint in which he states he has been present at various hearings regarding the placement or termination of the children or his fitness as a parent. Plaintiff does not allege that the requisite hearings have not been held, only that the Family Court has refused to oblige some requests that he has made. Neither the complaint or the amended complaint provide much information about the procedures that have been provided; plaintiff mostly presents arguments that have been previously denied by the state courts. For example, he mentions a FCA § 1028 hearing on his application to return child temporarily removed only in the context that the ACS defendants ignored his request for custody of the children. That is, plaintiff's allegations concern dissatisfaction with the result, not with the process that was afforded. From plaintiff's actions in this Court, it is evident that the due process required—a court proceeding resulting in an order permitting removal or termination—is being provided. Plaintiff has clearly participated in the

7

proceedings involving termination of his parental rights and, should those rights be terminated, he is free to appeal such decisions in the state courts. Since plaintiff has not stated a claim that his procedural due process rights were not violated, this claim must be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Substantive Due Process

Unlike procedural due process, substantive due process comes into play when, regardless of the procedures followed, a governmental decision or action violates a fundamental right and no overridingly important state interest justifies that infringement. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986) (Substantive due process rights bar "certain government actions regardless of the fairness of the procedures used to implement them . . . ."); *Joyner by Lowry v. Dumpson*, 712 F.2d 770, 777 (2d Cir. 1983). The Second Circuit has held that family members have, "in general terms, a substantive right under the Due Process Clause 'to remain together without the coercive interference of the awesome power of the state.'" *Anthony v. City of New York*, 339 F.3d 129, 143 (2d Cir. 2003); *Tenenbaum v. Williams*, 193 F.3d at 600. In order to prevail on his claim, plaintiff must demonstrate that his separation from his children was "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." *Anthony*, 339 at 143. Although plaintiff certainly disagrees with the state's decision to pursue the termination of his parental rights, nothing in his complaint suggests that his separation from his children was "shocking, arbitrary or egregious." Instead, the amended complaint suggests that the process has been deliberate and considered and based upon evidence of sustained neglect. Thus, the plaintiff's substantive due process claim

brought pursuant to 42 U.S.C. § 1983 is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Claims under § 1985 and § 1986 Dismissed

Plaintiff also brings these claims under 42 U.S.C. § 1985 and 1986. To state a claim for conspiracy under 42 U.S.C. § 1985, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of the laws; and (3) an act in furtherance of conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a U.S. citizen. *See Emmons v. City Univ. of N.Y.*, 715 F. Supp. 2d 394 (E.D.N.Y. 2010). Complaints containing only "conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights" will be dismissed. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam) (internal quotation marks omitted). Plaintiff has failed to allege facts sufficient to show the existence of any conspiracy designed to deprive him of his rights. *Id.; Ashcroft v. Iqbal*, 129 S.Ct. at 1949. Claims of conspiracy that are vague and provide no basis in fact must be dismissed. *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990). Thus, plaintiff's 42 U.S.C. § 1985 claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Under 42 U.S.C. § 1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. § 1985, but fails to prevent them. Without a violation of § 1985, however, there can be no violation of § 1986. *See Mian v. Donaldson, Lufkin & Jenrette Securities Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (holding that "a § 1986 claim must be predicated on a valid § 1985 claim"); *Seguin v. Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Koch v. Mirza*, 869 F. Supp. 1031, 1039 (W.D.N.Y. 1994) (finding that there can be no

violation of § 1986 absent a violation of § 1985). Thus, plaintiff's 42 U.S.C. § 1986 claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, the action is DISMISSED for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See generally Nicholson v. Scoppetta*, 344 F.3d 154, 158 (2d Cir. 2003) ("Few matters are closer to the core of a State's essential function than the protection of its children against those who would, intentionally or not, do them harm."). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order and the accompanying Judgment to the plaintiff, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
November 8, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge