UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DANIEL MARCEL; DANIEL MARCEL, as Parent and
Legal Custodian of  SHANIYA HEAVEN MARCEL;
DANIEL MARCEL, as Parent and Legal Custodian of
DANIEL MARCEL, Jr.,  a/k/a DANIEL MARCEL;
DANIEL MARCEL,  as Parent and Legal Custodian of
RUTH ONALISHA-RODRIGUEZ MARCEL, a/k/a RUTH
MARCEL and BABY GIRL PULLIN,

            Plaintiff,

   - against -

THE UNITED STATES OF AMERICA; THE STATE OF
NEW YORK; ANDREW MARK CUOMO, Governor of the
State of New York, in his personal and official capacities;
FAMILY COURT OF THE STATE OF NEW YORK; HON.
JUDGE DANIEL TURBOW, in his personal and official
capacities; OFFICE OF CHILDREN AND FAMILY
SERVICES FOR THE STATE OF NEW YORK; GLADYS
CARRION, Commissioner of the Office of Children and
Family Services for the State of New York, in her personal
and official capacities; CITY OF NEW YORK; MICHAEL
BLOOMBERG, Mayor of the City of New York, in his
personal and official capacities; ADMINISTRATION FOR
CHILDREN'S  SERVICES FOR THE CITY OF NEW
YORK; JOHN B. MATTINGLY, Commissioner of
Administration for Children's Services for the City of New
York, in his personal and official capacities; VANETTA
WILLIAMS; ERICA BARBI; JAMIE ALBERT; NEW
YORK FOUNDLING HOSPITAL; WILLIAM
BACCAGLINI, also known as, BILL BACCAGLINI;
PATRICIA HARVEY; MARGARET BECKER; LIYAN
BAO; JODI KARSCH; ZENOLA POWELL, II;
MARANGELY ORIHUELA-JONES; JESSICA
ECHEANDIA; SHAKIA BROWN; ERWIN GODETTE, JR.;
NYIALAH HIKEEM; SPOHNGELLERT LEINE; CHRIST
RECTOR; MADELLE AMARO; MARGARITA ROLDAN;
MARY CORYS; JACLYN PIEPRA; CHERYL ASHBY;
JEREMIAH JAMES QUINLAN; JARED MARE
BERLINER; DELANO CONNOLLY; GILBERT TAYLOR;
and, JOHN AND/OR JANE DOE #1-90.,

            Defendants.
------------------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

12-CV-4404 (RRM)(VVP)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

Plaintiff, appearing *pro se*, filed a complaint pursuant to the Court's federal question jurisdiction raising claims under 42 U.S.C. §§ 1983, 1985, and 1986 and various state law claims alleging various claims associated with the ongoing permanent removal proceedings regarding his children in New York State court. After providing plaintiff an opportunity to amend his complaint, by Order dated November 8, 2012, the action was dismissed. (Doc. No. 6.) Judgment entered the same day. (Doc. No. 7.) On December 8, 2012, plaintiff filed a motion for reconsideration of the Court's November 8, 2012 Order dismissing his case, (Doc. No. 10), and a "Notice of Appeal & Motion for Extension of Time," (Doc. No. 8). For the reasons set forth below, the motions for reconsideration and for an extension of time are DENIED.

    A.    **The Notice of Appeal and Motion for Reconsideration**

On December 8, 2012, plaintiff filed two documents. One is entitled "Notice of Motion for Altering or Amending a Judgment & Relief from a Judgment or Order" (hereinafter "Motion for Reconsideration"). (Doc. No 10.) The second is entitled "Notice of Appeal & Motion for Extension of Time." (Doc. No. 8.) The documents are identical except for the following: (1) the titles of the documents; (2) the brief introductory statement of page two of each of the documents; (3) paragraphs one and four of each document (which address the type of motion being submitted) and the "wherefore" clause of the Motion for Reconsideration; and (4) the Notice of Appeal and Motion for Extension of Time adds two paragraphs, paragraphs, ¶¶ 75 and 76, which address the timeliness of the Notice of Appeal and request an extension of time for "excusable neglect" or "good cause."

B.  **Motion for Reconsideration**

The Court construes the submission as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 6.3.[1]

Rule 60(b) provides in relevant part that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)

As an initial matter, the Court notes that by filing a Notice of Appeal on December 8, 2012, plaintiff divested this court of the ability to *grant* his 60(b) motion without first obtaining permission from the United States Court of Appeals for the Second Circuit. *Toliver v. Cnty of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992); *Hill v. West*, No. 04-CV-6601, 2009 U.S. Dist. LEXIS 9870, at *7 (W.D.N.Y. Oct. 23, 2009). "[B]efore the district court may grant a [R]ule 60(b) motion, [the Second Circuit Court of Appeals] must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Toliver*, 957 F.2d at 49.

A district court may, however, entertain and *deny* a Rule 60(b) motion filed during the pendency of an appeal without disturbing the jurisdiction of the Court of Appeals. *Id.* (citing *Ryan v. United States Line Co.*, 303 F.2d 430, 434 (2d Cir. 1962)); *Selletti v. Carey*, 173 F.3d 104, 108–09 (2d Cir. 1999) ("The district court properly assumed that it had jurisdiction to *deny*

---

[1] Although plaintiff also references Red. R. Civ. P. 59(e), *see* Motion at 2, plaintiff's motion was filed beyond the twenty-eight days from entry of Judgment, here December 6, 2012.

the motion during the pendency of an appeal."). Here, the court entertains and denies the motion for the reasons set forth below.

First, plaintiff's motion is untimely. Local Rule 6.3 provides that a "notice of motion for reconsideration or reargument of a court order determining a motion shall be served within (14) days after the entry of the Court's order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Local Civ. R. 6.3. Because the Clerk of the Court entered judgment on November 8, 2012, the deadline for any motion for reconsideration was Monday, November 26, 2012 (November 22, 2012 and November 23, 2012 were court holidays).[2] Plaintiff filed his motion for reconsideration on December 8, 2012, 30 days after judgment was entered.

Second, even if plaintiff had timely filed his motion for reconsideration, the Court would nevertheless deny the motion as meritless. A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and ... [is] generally granted only upon the showing of *exceptional* circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), *aff'd*, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

On November 8, 2012 , the Court dismissed plaintiff's action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In the instant motion, plaintiff does not point to any controlling decisions or data that would alter the Court's conclusion to dismiss his complaint. Plaintiff's remedy is to utilize the procedures of the Family Court Act and the

---

[2] Even if the Court were to calculate the date of judgment as the date plaintiff received the judgment, which it does not, the motion would have been due on November 27, 2012.

4

New York Courts.[3]  Accordingly, because the court finds that plaintiff has failed to demonstrate the existence of "exceptional circumstances" warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in the November 8, 2012 Memorandum and Order, the court denies plaintiff's motion for reconsideration.

### C. Motion for Extension of Time to File Appeal

Plaintiff also files a motion for extension of time to file a notice of appeal.  Federal Rule of Appellate Procedure 4(a)(1) provides, with certain exceptions, that a litigant seeking to appeal a judgment or order issued in a civil case must file a notice of appeal within thirty days after the date of entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1).  Thus, the deadline to appeal from the November 8, 2012 Order was Monday, December 10, 2012, since the thirtieth day of Fed. R. App. 4 (a)(1) fell on Saturday, December 8, 2012.  *See* Fed. R. Civ. P.  6(c) ("[I]f the last day [of the time period specified in the rules] is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.").  Plaintiff filed his notice of appeal in the Court's after hours drop box on December 8, 2012 and it is stamped with a file date of December 8, 2012.  Thus, the notice of appeal was timely received. Accordingly, the motion for extension of time to file a notice of appeal is denied.

### CONCLUSION

Accordingly, the motion to reconsider the Court's Order dismissing the complaint is DENIED.  The motion for an extension of time to file a notice of appeal is DENIED because the notice of appeal is timely.  Since plaintiff has filed a timely notice of appeal, jurisdiction over

---

[3] For example, plaintiff's concern over notice and being named as a respondent and provided notice in the neglect or abuse and removal proceedings, see e.g. Motion for Reconsideration at ¶ 21-22, 25, 29, 40-41, 45, 56, are processes and procedures covered by the Family Court Act and, if the procedures provided therein are not followed, should be raised and exhausted in state court. See generally, New York Practice Series - New York Family Court Practice § 2:47, Rights of non-respondent parents (October 2012).

this action now rests with the United States Court of Appeals for the Second Circuit.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

      The Clerk of Court shall mail a copy of this Memorandum and Order to the plaintiff.

                                      SO ORDERED.

Dated: Brooklyn, New York
       December 27, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

6